C. YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
1010 Wilshire Blvd., Suite 714
Los Angeles, CA 90017
Tel: 213-688-2001
Fax: 213-688-2002

Attorneys for Plaintiff NS INT'L TEXTILES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NS INT'L TEXTILES, a South Korea Corporation;<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>VANILLA MONKEY LTD., a California Company; SEOK EUN KANG, an individual; ASOS US, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:17-cv-06605-FMO-(PJWx)<br><br>**JOINT REPORT PURSUANT TO FRCP RULE 26(f) AND LOCAL RULE 26-1**<br><br>Judge:　　Hon. Fernando M. Olguin<br>Location:　350 W. 1st Street<br>Courtroom: 6D<br>Date:　　December 14, 2017<br>Time:　　10:00 a.m. |

**1**

**JOINT RULE 26(f) REPORT**　　　　　　　　　　　　**2:17-cv-06605-FMO-(PJWx)**

Plaintiff NS Int'l. ("Plaintiff"), and Defendants Vanilla Monkey Ltd.; Seok Eun Kang; and ASOS US, Inc. (collectively, "Defendants," and together with Plaintiff, the "Parties"), by and through their attorneys of record, submit this joint report following the conference of counsel required by Rule 26(f) of the Federal Rules of Civil Procedure, Central District Local Rule 26-1, and this Court's Order setting a Scheduling Conference.

### a. STATEMENT OF THE CASE

#### 1. Plaintiff's Contentions

Plaintiff alleges that Defendants have, without proper authorization, copied, purchased, marketed, and/or sold among each other and to the general public as customers clothes bearing a design owned and registered by Plaintiff with the U.S. Copyright Office (Reg. No. VA0002003537) (the "Subject Design").

#### 2. Defendants' Contentions

Defendants contend that they did not authorize, copy, purchase, market or sell to the general public as customers clothes bearing a design owned and registered by Plaintiff. Defendants dispute the validity of the copyright on which Plaintiff purports to rely (No. VA0002003537). Defendants dispute Plaintiff's claim of ownership of rights in the Subject Design. Defendants also deny Plaintiff's infringement allegations, including that the challenged garment bears a design that is substantially similar to the Subject Design.

### b. SUBJECT MATTER JURISDICTION

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.* Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

**c. LEGAL ISSUES**

**Plaintiff's Contentions**

The key legal issues include:

1. The validity of Plaintiff's copyright (Reg. No. VA0002003537);
2. Whether Defendants accessed the Subject Design;
3. Whether the Defendants have infringed, or are secondarily liable for, infringement of any protectable elements of Plaintiff's copyright has been infringed;
4. If there is infringement, what damages, if any, Plaintiff is entitled to.
5. The validity of Defendants' affirmative defenses to copyright infringement.

**Defendant's Contentions**

Defendants further contend these additional legal issues in this case:

1. Whether Plaintiff owns rights in the Subject Design;
2. Whether the garments at issue are substantially similar to the Subject Design; and
3. Whether there was fraud perpetrated upon the copyright office.

**d. PARTIES, EVIDENCE, ETC.**

Plaintiff and Defendants have filed their Certification of Interested Parties disclosing the following entities:

1. NS INT'L TEXTILES (Plaintiff)
2. VANILLA MONKEY LTD. (Defendant)
3. SEOK EUN KANG (Defendant)
4. ASOS US, INC. (Defendant)

Plaintiff's Witnesses:

Percipient witnesses for Plaintiffs include individuals who have knowledge of the alleged harm Plaintiff suffered as a result of Defendants' alleged wrongful

conduct; the advertisement, sale, offering for sale, and purchase of the infringing garments.

Defendants' Witnesses:

Percipient witnesses for Defendants include representatives for Defendants; Plaintiff's witnesses; and witnesses who can speak to the creation of the challenged garment or the Subject Design.

Plaintiff's Evidence

Plaintiff has attached to the complaint: (1) pictures of the infringing product sold by Defendant; (2) the copyright registration showing Plaintiff's ownership of the Subject Design; and (3) a sample picture of the Subject Design. Plaintiff will conduct further discovery and investigation as to additional documentary evidence and witnesses showing how much Defendants produced, marketed, and sold the alleged infringing design; the amount of gross profits and net profits they have earned from the transactions thereof; and whether they had other vendors in manufacturing the said products.

Defendants' Evidence

Evidence will include but is not limited to the evidence indicated by Plaintiff, purchase orders, invoices and receipts related to garments composed of the accused fabric.

e. **DAMAGES**

Plaintiff's Contentions

Plaintiff cannot state a specific damage amount at this time as it has not yet obtained Defendant's documents showing the quantity of products produced, marketed, and sold by Defendants, and the amount of profits and costs that were incurred. After finishing discovery, Plaintiff will seek general/special damages, including disgorgement of profits, market damage, and/or statutory damages, as well as other damages the court may deem proper such as litigation costs, punitive damages, and permanent injunction.

Defendants' Contentions

Defendants will be entitled to recover the damages suffered in the case as well as attorneys' fees and costs incurred in the litigation. In the event that Plaintiff takes the position in its initial disclosures that it is unable at this time to provide a computation of each category of damages (as required by Rule 26(a)(l)(A)(iii)), Defendants proposes that the Court order Plaintiff to make those disclosures within 45 days after the scheduling.

**f.  INSURANCE**

The Parties are not aware of applicable insurance coverage at this time.

**g.  MAGISTRATE JUDGE**

The Parties do not consent to a magistrate judge presiding over this action for all purposes, including trial.

**h.  DISCOVERY**

The Parties propose the following discovery deadlines:

| | |
|---|---|
| Rule 26(a)(1) Initial Disclosures: | December 20, 2017 |
| Fact Discovery Cut-Off: | August 22, 2018 |
| Expert Disclosures & Reports: | July 30, 2018 |
| Rebuttal Expert Disclosures & Reports: | September 18, 2018 |
| Expert Discovery Cut-Off: | October 10, 2018 |

\* See the Schedule of Pretrial and Trial Dates attached hereto as Exhibit A.

Plaintiff served Rule 26(a)(1) Initial Disclosures and discovery requests for Vanilla Monkey LTD, Seok Eun Kang on November 27, 2017. Plaintiff and Defendant ASOS US Inc. conducted their initial discovery conference on November 21, 2017, but have not exchanged initial disclosures. No other discovery has been propounded at this time.

Defendants Vanilla Monkey LTD, Seok Eun Kang and ASOS US, Inc will serve their initial Rule 26(a)(1) disclosures by December 20, 2017.  The Parties do not believe that any changes in the disclosures under Rule 26(a)(1) should be made

and do not believe that discovery should be conducted in phases, or otherwise be limited. The Parties believe that the Federal Rules of Civil Procedure should apply with respect to the limitations and procedures for written discovery, fact depositions, and expert depositions.

The anticipated deponents include the Parties. The Parties anticipate written discovery requests, including requests for admission, document requests, and interrogatories pertaining to: the facts and circumstances surrounding the creation, originality, and ownership of the Subject Design; the facts and circumstances surrounding the copyright application, registration, publication, sales, distribution, accessibility, and commercial use of the Subject Design and the prosecution and enforcement thereof; the alleged harm Plaintiff suffered as a result of Defendants' alleged infringement; and the advertisement, sale, offering for sale, and purchase of the challenged garment.

The Parties anticipate this case will involve the discovery of confidential commercial information and therefore intend to seek a Protective Order to address the Parties' respective claims of confidentiality and trade secrets with respect to documents and information that they anticipate will be sought by way of discovery.

The parties agree that service of discovery and discovery responses and document productions shall be effectuated by email to counsel for the parties.

i.  **MOTIONS**

Plaintiff's Contentions

Plaintiff anticipates filing an amended complaint to correctly identify each Defendant.

Defendants' Contentions

Defendants anticipate filing a motion for summary judgment against plaintiff on the validity of the copyright at issue and liability. Defendant ASOS US Inc. anticipates filing a motion to dismiss for lack of personal jurisdiction, if necessary.

j. **CLASS CERTIFICATION**

Not applicable.

k. **DISPOSITIVE MOTIONS**

The Parties propose a dispositive motions filing deadline of September 21, 2018. Plaintiff anticipates filing a Motion for Summary Judgment on the issue of the liability of Defendants for copyright infringement. Defendants anticipate filing Motion for Summary Judgment as to the issue of ownership of the Subject Design, substantial similarity between the challenged garment and the Subject Design, and applicable affirmative defenses, which will be dispositive of Plaintiff's copyright infringement claims.

l. **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The Parties are discussing preliminary settlement. To the extent that a settlement is not reached, the Parties are amenable to ADR Procedure #2 under Local Rule 16-15.4, in which the Parties shall appear before a neutral selected from the Court's Mediation Panel. The Parties agree that mediation in this case shall be completed no later than 45 days prior to the final pretrial conference, consistent with Civil L.R. 16-15.2.

m. **PRETRIAL CONFERENCE AND TRIAL**

Final Pretrial Conference:     January 8, 2019
Trial Date:     January 22, 2019

n. **TRIAL ESTIMATE**

The Parties request a jury trial and estimate a trial of no more than 4 days. Plaintiff anticipates calling 1-3 witnesses. Defendants anticipate each calling 1-3 witnesses.

o. **TRIAL COUNSEL**

For Plaintiff:     Chan Yong Jeong, Esq.
For Defendants:     Sun Woo Choi, Esq. for Vanilla Monkey Ltd. and Seok Eun Kang

                Joseph V. Norvell, Esq. for ASOS US, Inc.

**p.** **INDEPENDENT EXPERT OR MASTER**

The Parties do not foresee need for appointment of a master or an independent scientific expert at this time.

**q.** **TIMETABLE**

The Parties' Proposed Dates

See the Schedule of Pretrial and Trial Dates attached hereto as Exhibit A.

**r.** **OTHER ISSUES**

The Parties do not anticipate severance, bifurcation, or other ordering of proof.

Dated: November 30, 2017      By: /s/ C. Yong Jeong
                                                       C. Yong Jeong
                                                       Attorney for Plaintiff
                                                       NS INT'L TEXTILES

Dated: November 30, 2017      By: _____
                                                       Sung Woo Choi
                                                       Attorney for Defendants
                                                       VANILLA MONKEY and SEOK EUN KANG

Dated: November 30, 2017      By: _____
                                                       Raffi Zerounian
                                                       Attorney for Defendant
                                                       ASOS US, INC.